UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Kathy Missey, <br><br> Plaintiff, <br><br> v. <br><br> Watson Acquisition Group, LLC, <br><br> And <br><br> Walker Peters Morgan, LLC <br><br> Defendants. | Case No.: <br><br><br> **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** <br><br> **JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

2. Defendants are "debt collector[s]" as defined by 15 U.S.C. §1692a(6).

3. On information and belief, the defendants are commonly owned and staffed, co-mingle assets, share office space, and jointly engage in the same business endeavors such that one is merely a shell of the other.

4. As described below, Defendants attempted to collect from Plaintiff a "debt" as defined by 15 U.S.C. §1692a(5).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. On or around June 12, 2010, Defendants' employee telephoned Plaintiff in connection with the collection of the debt.

7. During this communication, Defendants' employee falsely represented himself as a process server.

8. During this communication, Defendants' employee falsely represented that Defendants had legal documents to serve upon Plaintiff and would do so unless Plaintiff paid Defendants.

9. On or around June 16, 2010, Defendants' employee telephoned Plaintiff in connection with the collection of the debt.

10. During this communication, Defendants' employee falsely represented that Defendants were preparing to serve Plaintiff with a summons at Plaintiff's place of employment and would do so if Plaintiff did not pay Defendants.

11. Fearing the worst, Plaintiff agreed to a payment arrangement for the debt with Defendants for three monthly installments of $148.31.

12. On June 18, 2010, Defendants debited Plaintiff's account for $382 without Plaintiff's permission.

13. On or around June 18, 2010, Plaintiff telephoned Defendants to contest the debit.

14. During this communication, Defendants' employee falsely represented that Plaintiff would be sued if she did not allow further payments to be debited.

15. On or around July 30, 2010, Defendants' employee telephoned Plaintiff in connection with the collection of the debt and left a voice message.

16. During this communication, Defendants' employee falsely represented that Plaintiff or Plaintiff's attorney needed to telephone Defendant immediately if Plaintiff wanted to resolve the debt outside of court.

17. In or around July 2010, Defendants' employee telephoned Plaintiff's mother's residence on several occasions in connection with the collection of the debt.

18. During each of these communications, Defendants' employee left a voice message disclosing that Plaintiff owed a debt.

19. Defendants caused Plaintiff emotional distress.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendants violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendants violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff prays for the following relief:

a. Judgment against Defendants for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

                    RESPECTFULLY SUBMITTED,

By: /s/ Timothy J. Sostrin
    Timothy J. Sostrin, Reg. # 1592956
    LEGAL HELPERS, P.C.
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone:  312-753-7576
    Fax: 312-822-1064
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiffs