UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KATHY MISSEY,                          )
                                       )
         Plaintiff,                    )
                                       )
    vs.                                )          Case No. 4:10CV01788 AGF
                                       )
WATSON ACQUISITION GROUP,              )
LLC, et al.,                           )
                                       )
         Defendants.                   )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for default judgment against

Defendant Watson Acquisition Group, LLC ("Watson").[1]  Plaintiff filed this action on

September 23, 2010, under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-

1692p ("FDCPA").  Plaintiff is a citizen of Missouri.  Watson is a "debt collector," as

defined in the FDCPA.

The complaint alleges that on several occasions in June and July 2010, Watson

employees called and spoke with Plaintiff by phone in an effort to collect a delinquent

consumer debt.  Plaintiff further alleges that during these conversations, the Watson

employees made false representations and used deceptive means in the attempt to collect

the debt.  In addition, Plaintiff alleges that in July 2010, Watson employees left several

phone messages at Plaintiff's mother's residence disclosing that Plaintiff owed a debt.

---

[1]    The second Defendant named in the complaint was voluntarily dismissed by
Plaintiff.

Plaintiff alleges that as a result of Watson's actions, she suffered emotional distress. She seeks in the complaint, actual damages, statutory damages, attorney's fees, and costs.

The Clerk of Court entered default against Watson on December 15, 2010. On February 4, 2011, Plaintiff filed the present motion for default judgment against Watson for statutory damages pursuant to the FDCPA in the amount of $1,000, actual damages in the amount of $10,000, attorney's fees in the amount of $2,825, and costs (the filing fee and service costs) in the amount of $390. Watson has not filed a response to Plaintiff's motion within the time allowed.

Prior to the entry of a default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. Jenkins v. E. Asset Mgmt., LLC, No. 4:08-CV-1032 CAS, 2009 WL 2488029, at *3 (E.D. Mo. Aug. 12, 2009) (citing 10 Moore's Federal Practice § 5 5.31[2]).

Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). Here, taking Plaintiff's allegations in the complaint as true, except for those allegations as to the amount of damages, the Court concludes that Plaintiff is entitled to default judgment under the FDCPA, which prohibits the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (providing a non-exclusive list of prohibited conduct). The FDCPA also prohibits informing third parties of the debt. Id. § 1692b(2).

Under the FDCPA, a debt collector who violates the Act is liable for any actual damages sustained by the plaintiff, Id. § 1692k (a)(1), and "additional damages as the

court may allow, but not exceeding $1,000." Id. § 1692k (a) (2)(A). In determining the amount of liability under subsection (a)(2)(A), the Court is to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." Id. § 1692k (b)(1). "Actual damages" recoverable under the FDCPA include damages for mental anguish, emotional distress, and humiliation. Jenkins, 2009 WL 2488029, at *3.

With respect to damages, Plaintiff has submitted an affidavit attesting that as a result of Watson's harassment, she was unable to sleep and cried repeatedly for several days. She further attests that she was constantly worried that Watson would take the little money she had and cause her to lose her job. She was afraid of being embarrassed as Watson served her with a summons at her job and felt that she had no means of protecting her rights. Based on the facts set forth in the complaint and Plaintiff's affidavit, the Court will award Plaintiff $1,000 in statutory damages and $2,000 in actual damages. See id. (awarding the plaintiff $1,000 in statutory damages and $2,000 in actual damages for mental anguish as a result of conduct similar to that alleged here); Backer v. RRI, Inc., No. 4:08CV1336 CDP (E.D. Mo. Apr. 4, 2009) (same).

Plaintiff has provided appropriate documentation supporting her request for attorney's fees and costs, and the Court concludes that the attorney's fees requested are reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED** in the amount of $5,215 [Doc. #6].

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to mail a copy of this Memorandum and Order and the accompanying Default Judgment to Defendant Watson Acquisition Group, LLC, at the address at which this Defendant was served, 327 Robert Dr., North Tonawanda, NY 14120-5626.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2011.